Reed, P. J.,
delivered the opinion of the court.
Appellee (plaintiff below) brought this suit against appellant, alleging that on the 18th day of November, 1891, she was the owner of seven head of cows, heifers, etc., and that on that date appellant forcibly and violently took them from the possession of such plaintiff in the county of Huerfano, and converted them to his own use; alleging the value to have been $250, asking judgment for $500. Defendant answered : First, denying generally the allegations of the complaint; second, admitting the taking, and alleging that on January 7, 1892, one Frink obtained a judgment of $24.81 against appellee and John Kelter in the county court of Custer ; that an execution was issued and placed in his hands as sheriff of such county ; that he levied it upon the cattle in controversy, advertised and sold them, and applied the proceeds upon the judgment. It'will be observed that the alleged taking was on November 18,1891, and the attempted justification on an execution issued upon a judgment obtained January 7, 1892; consequently there was no justification pleaded, and the only issues formed were those by the general denial. The case was tried to a jury, the defense being *69 a levy of attachment issued in the same case a day or two previous to the taking. The evidence was not directed to any issue in the case, and took quite a wide range. The evidence undisputed shows that appellee and her husband, John, had been residents of Custer county; that they were poor, their worldly goods consisting of a team, a wagon, a colt, the milk cows in controversy, and household effects in the wagon; that on November 18th they started to move to Creede mining camp; that on November 18th, in the county of Huerfano, appellant, the sheriff of Custer county, overtook them, took possession of one horse, the colt,.and the cattle, released the mare and colt, but in person took possession of the cattle, and drove them off, and retained the possession, but made no effort to serve either summons or writ of attachment. Appellant put in. evidence his return upon the execution, in which he certifies that he sold the cattle for 167.25. “That the sheriff’s fees on said sale amounted to $25.50. I therefore return the execution satisfied as to costs, #85.75, and #6.00 on the judgment, and unsatisfied #18.81, and interest.”
The question to be determined was whether there was valid service of the summons and a valid levy of attachment in the case of Frink against appellee and John Kelter, without which the county court of Custer county was without jurisdiction, and its judgment void. Appellant, aware of the illegality of his own extraterritorial acts, and the necessity of establishing valid service to shield himself in this case, resorts to a course unparalleled in rascality in the records of judicial proceedings. First. We have a certificate and sworn return of one Graves Benson that he was deputy sheriff of Huerfano county, and as such he served the writs of sumrpons and the attachment, and took the cattle on the 18th day of November. It was signed in his own name, and did not purport to have been done in the name of the sheriff. Second. On the 14th day of February, 1893, — five months after this suit was instituted, and over a year after appellant had made his official return to the execution, — application was made to the county *70 court of Custer county for leave to amend the return of service ,of the writs in Frink v. Kelter, “ so that it conform to the facts.” Leave was granted, and thereupon a copy of the original writ was made, upon which one Samuel Jacks made a return that George Dick was sheriff of the county on the 18th of November, 1891, and he his deputy, and that on that date he served the writs and took the cattle. Signed “ Geo. Dick, Sheriff, by Samuel Jacks, Deputy.” These not having been deemed satisfactory, afterwards, on the 7th day of August, 1893, leave was again obtained to file another return “ so that it should conform to the facts,” and George Dick certified that on the date, November 18,1891, he was sheriff of Huerfano county, and in person served the writs and took the cattle. The three returns were put in evidence by appellant ; also his own return upon the execution. Counsel having failed to abstract the evidence, or any of it, we are compelled to go to the bill of exceptions to ascertain what the evidence was. Appellee and John, her husband, testified to appellant’s taking the cattle in person and alone, in the county of Huerfano, and that neither he nor any one else made service of the writs. Graves Benson and Samuel Jacks were not called to testify.
George Dick was called in rebuttal, and testified: That on the 18th of November, 1891, he was sheriff of Huerfano county. That Graves Benson was not at that or any other time his deputy. That Samuel Jacks was his deputy, but served no papers in the case, made no levy upon the cattle, and was in no way connected with it. That he (Dick) served no papers, made no levy, and knew nothing of the case until long afterwards. Admitted the falsity of the return by him made and gave a history or explanation of it. In July or August, 1893, he received a letter from McFeeley, counsel for appellant, inclosing copies of application and the required return, asking him to sign and return them. That he consulted his attorney, and was advised not to do it. Declined by letter, stating that it would be an unlawful act. That he had nothing to do with the cattle, and knew nothing *71 about the case. Afterwards Frink and Jacks called upon him to induce him to make the return. That Jacks stated to him in that interview that he (Jacks) had never served any papers in the case. That he (Dick) declined to execute the papers, and make a return, as required. Afterwards Mr. Lowe, another attorney of appellant, interviewed him,' and tried to induce him to make the required return. He still declined. That he afterwards received letters from Lowe, which were put in evidence, in which he was urged to make the return, and advised him that he could make it without “ implicating himself at all,” and that would obviate the necessity of his going to Custer county as a witness. That he then executed the papers. The jury found for the plaintiff, fixing the value of the property at $250, and a judgment entered, from which this appeal was prosecuted.
That there was no service of either summons or attachment in the Frink Case is clearly established. The county court of Custer county had no jurisdiction of defendants, or, by attachment, of property, and the proceedings were absolutely void.
Complaint is made by counsel of appellant of the instructions given and refused by the court. Those given fully embrace-the law of the case, and are in no way legally objectionable. Those prayed by the defendant were properly refused. The first required the court to instruct the jury that the sheriff of Huerfano county took the property under a valid writ of attachment; that it (the jury) should disregard all the evidence introduced by plaintiff, and find for the defendant. The second required the jury, if it found for the defendant, to set the amount for which the property sold under the pretended execution. The third, to find. for the defendant. Comment upon them is unnecessary. The judgment of the district court will be affirmed, only regretting its inadequacy, under the circumstances, to afford compensation.

Affirmed.